UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Criminal Action No. 5:09CR7-03

DONALD GASCHLER,

    Defendant.

## ORDER DENYING MOTION FOR BILL OF PARTICULARS AND REPORT AND RECOMMENDATION THAT MOTION TO SUPPRESS BE DENIED

### I. Introduction

A.    Background

Defendant, Donald Gaschler, hereinafter Defendant, is one of six defendants in a five count indictment plus forfeiture allegation charging drug and firearm offenses.[1] Defendant is charged in Count One with conspiracy to possess with intent to distribute in excess of one kilogram of heroin, in Count Five with being a felon in possession of a firearm and in the forfeiture allegation seeking a money judgment and forfeiture of moneys and firearms seized.

B.    The Motions

    1.    Motion For Bill of Particulars.[2]

    2.    Motion to Suppress Search and Fruits of Search.[3]

C.    Decision

The Motion for a Bill of Particulars is DENIED because the Government has an open

---

[1] Subsequent to this hearing, a Superceding Indictment was returned by the Grand Jury.

[2] Doc. No. 65.

[3] Doc. No. 68.

file policy. Therefore, the Defendant has more than sufficient information to prepare for trial, avoid surprise and double jeopardy.

    D.    <u>Recommendation</u>

I recommend the Motion to Suppress the Search and Fruits of Search be DENIED because there was a lot of probable cause established by reliable informants in the Affidavit and the warrant described specifically computers as items to be seized.

## II. <u>Facts</u>

On December 4, 2008, Detective Robert Bone prepared an Affidavit and Complaint for a Search Warrant[4] and appeared before Brooke County, West Virginia, Magistrate Michael H. Allman. After administering an oath to Bone, and Bone's signing of the Affidavit, Allman acknowledged the Complaint and Affidavit and issued the Search Warrant. The Search Warrant was executed by seven or eight law enforcement officers. John H. Robinson, photographed the premises and prepared the inventory of the property seized.

Testimony was taken from Magistrate Michael H. Allman, Deputy John Robinson and Detective Robert Bone.

Magistrate Allman testified generally as to the execution of the Search Warrant. He never prepares an Affidavit for a Search Warrant but sometimes does prepare the Search Warrant itself. In this case, he stated he did not prepare the Affidavit and could not remember who prepared the Search Warrant.

---

[4] All of the papers related to the Search Warrant were admitted into evidence at the hearing as Joint Exhibit No. 1.

Deputy Robinson testified that seven or eight officers executed the Search Warrant. He prepared the inventory of items seized and photographed the items seized. He did very little related to the actual search. He testified he believed all the items seized were covered by the list of items to be seized in the Search Warrant.

Detective Bone testified that the only basis for child pornography was the information provided to S/A Barbour by a reliable informant that the informant had seen child pornography at the Defendant's house two months prior to the Affidavit. No child pornography was found during the search.

### III. The Motion to Suppress

A. Contentions of the Parties

Defendant contends the cooperating witnesses were not reliable and the property to be seized did not authorize the seizure of the Toshiba laptop computer or the HP computer tower-keyboard, monitor. Defendant further contends that the Magistrate was a "rubber stamp" and the Warrant is so facially defective as to the items to be seized that the evidence seized and the evidence subsequently obtained must be suppressed.

The Government contends that there was substantial evidence in the Affidavit for issuing the Search Warrant. The Government also contends the information attributed to cooperating witnesses who had been reliable in the past was an appropriate basis for the issuing of the Search Warrant. The Government contends the Toshiba and HP computers were properly seized because the officers could conclude that the child pornography, heroin distribution and receiving and transporting stolen goods could all involve the use of a computer.

B. Discussion

1. The reliability issue.

Probable cause to search is whether there is a fair probability evidence of a crime will be found. Illinois v. Gates, 426 U.S. 213, 238 (1983). This evidence may be established by information from a reliable source or sources. Draper v. U.S., 358 U.S. 307,313 (1959). None of the sources was anonymous.

There was not a single source listed in the Affidavit, but rather, there were five cooperating witnesses (CW). CW 1 purchased heroin from Defendants Shelly and Donald Gaschler forty times at their residence in 2007. CW 1 had made controlled purchases in the past which led to convictions in this court.

CW 2 also purchased heroin from the Gaschlers at their residence twenty times in 2008. CW 2 has provided information that is consistent with information from other Task Force sources.

CW 3 stated to a named agent that he had seen child pornography at the Gaschler residence. CW 3 has assisted in providing information that has led to the convictions of drug dealers in Jefferson County, Ohio.

Defendant Shelly Gaschler was in possession of two "bricks" of heroin in the Fall of 2008, and admitted to being a heroin distributor.

CW 4 saw an assault rifle at the Gaschler residence. CW 4 has proved reliable by providing information about heroin distribution consistent with other information known to the Task Force.

CW 5 stated he saw a rifle in the Gaschler residence in the week prior to the issuance of a Warrant and heard the Gaschlers argue over the amount of heroin to be traded for the firearm. CW 5 is a relative of the Gaschlers and has provided evidence corroborated by other information known to the Task Force.

Five witnesses and Mrs. Gaschler provided information for the Affidavit. All five CWs had previously provided reliable information. There is a large amount of information provided by five different sources who are all reliable. There is no doubt about probable cause based upon reliable information.

    2.    The Items to be Seized and the Seized Computers.

The items to be seized in a Warrant must be described with particularity. Murrin v. United States, 275 U.S. 192,196 (1927). The description of property to be seized specifically and expressly provides under financial and business records that computers can be seized related to distribution of controlled substances referred to in the Affidavit. The Affidavit has numerous allegations alleging distribution of heroin. That alone is a basis to seize the computers. The computers were expressly described in the items to be seized.

    C.    Recommendation

I recommend the Motion to Suppress the Search and Fruits of Search be DENIED because there was a lot of probable cause established by reliable informants in the Affidavit and the Warrant described specifically computers as items to be seized.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made,

5

and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 27, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE