IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:09CR7-03
                                        (STAMP)

DONALD GASCHLER,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING IN ITS ENTIRETY THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
THAT THE DEFENDANT'S MOTION TO SUPPRESS
SEARCH AND FRUITS OF SEARCH BE DENIED**

I.  Background

Currently pending before the Court and ripe for review are the defendant's "Motion to Suppress Search and Fruits of Search" and the report and recommendation of the magistrate judge that the motion to suppress be denied.[1]  For the reasons that follow, the magistrate judge's report and recommendation will be affirmed and adopted in its entirety and the defendant's motion to suppress will be denied.

II.  Facts and Procedural History

On December 4, 2008, Detective Robert Bone prepared an affidavit and applied for a warrant to search the defendant's residence.  The affidavit set forth the grounds for probable cause,

---

[1] The defendant also filed a motion for a bill of particulars. The magistrate judge denied that motion in the same report and recommendation which recommended that the motion to suppress be denied.  The defendant filed no objection to the magistrate judge's order denying the motion for a bill of particulars.  Accordingly, this Court need not and does not address that motion.

which included information received from five cooperating witnesses known to have previously provided reliable information resulting in criminal convictions of other individuals or whose information was corroborated by independent sources. Specifically, Detective Bone stated that two of the cooperating witnesses had purchased heroin from the defendant and the defendant's wife, co-defendant Shelly Gaschler. Detective Bone further stated that two other cooperating witnesses had recently observed firearms in the defendant's residence. According to the affidavit, the fifth cooperating witness provided information that he had seen child pornography at the defendant's residence. In addition to the information provided by the cooperating witnesses, Detective Bone's affidavit also stated that co-defendant Shelly Gaschler had admitted to law enforcement officers on November 6, 2008, that she bought and distributed heroin and that after that admission, the Brooke County Sheriff's Department received separate anonymous telephone calls reporting that Shelly Gaschler was continuing to sell heroin from the house where she and the defendant lived. In the affidavit, Detective Bone identified the following, among other things, as property to be seized: heroin, financial and business records relating to illegal drug activity (whether maintained on paper or by computer), firearms, and ammunition.

Detective Bone appeared before Michael H. Allman, Magistrate for Brooke County, West Virginia, and testified under oath as to the information contained in the affidavit. After receiving

2

Detective Bone's testimony, Magistrate Allman issued a search warrant.  The search warrant was executed on the defendant's residence on the same day that it was issued.  In executing the search warrant, law enforcement officers seized, among other items, a laptop computer; a desktop computer tower server, keyboard, and monitor; firearms and ammunition; and six stamp bags of heroin.

Subsequently, a grand jury returned an indictment charging the defendant with one count of conspiracy to possess with intent to distribute in excess of one kilogram of heroin, and one count of being a felon in possession of a firearm.[2]  The indictment also names the defendant in a forfeiture allegation seeking a money judgement and forfeiture of currency and firearms.

The defendant filed a motion to suppress the search and the fruits of the search.  The defendant contends that the search warrant lacked probable cause because the information provided by the cooperating witnesses was unreliable and because the warrant failed to identify the property to be seized with sufficient particularity.

This matter was referred to United States Magistrate Judge James E. Seibert pursuant to 28 U.S.C. § 636(b).  Magistrate Judge Seibert entered a report and recommendation recommending denial of

---

[2] A superseding indictment was returned after the defendant filed his motion to suppress and after the evidentiary hearing was held.  The superseding indictment charges the defendant with the additional offenses of aiding and abetting the possession of firearms in relation to a drug trafficking crime, and being an unlawful drug user in possession of a firearm.

the defendant's motion to suppress the search and the fruits of the search. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The defendant timely filed objections.

## III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Here, the defendant filed timely objections to the magistrate judge's report recommending denial of the defendant's motion to suppress the search and the fruits of the search. Accordingly, this Court reviews these matters <u>de novo</u>.

## IV. Discussion

Based upon a <u>de novo</u> review of the matters before it, this Court concludes that the issuance of the search warrant in this action was based upon probable cause and that the items to be seized were described with sufficient particularity. Therefore, the defendant's motion to suppress must be denied.

A. <u>Reliability</u>

Under the search and seizure protections afforded by the Fourth Amendment to the United States Constitution, issuance of a

search warrant requires probable cause supported by oath or affirmation. See U.S. Const., amend. IV, cl. 2. The existence of probable cause to search depends upon whether a fair probability exists that evidence of a crime will be found. See Illinois v. Gates, 426 U.S. 213, 238 (1983). Information from a reliable source or sources may establish probable cause. See id. at 241.

Here, the defendant argues that the search warrant was not based upon probable cause because the information supplied in the search warrant was provided by cooperating witnesses who were not identified by name in the affidavit supporting the search warrant. This argument is baseless. The cooperating witnesses in this action were either known to Detective Bone or other law enforcement officials to have previously provided reliable information leading to convictions for drug activity in federal and state court or they provided information on area drug dealers which was consistent with information received by law enforcement officials from other intelligence sources known to be reliable. Under these circumstances, the affidavit contained sufficient indicia of reliability to support a finding of probable cause for the issuance of the search warrant.

The defendant also argues that information in the affidavit was unreliable because it was based upon second-hand information from law enforcement officers who were not signatories to the affidavit. This argument is equally unavailing. Hearsay information may form the basis, in part or in whole, of an

5

affidavit supporting a search warrant as long as the totality of circumstances provides sufficient indicia of reliability. See United States v. Ventresca, 380 U.S. 102, 103 (1965); United States v. DeQuasie, 373 F.3d 509, 518 (4th Cir. 2004). As discussed above, this Court finds that the information from certain cooperating witnesses who were known to be reliable, and the other cooperating witnesses's information, which was consistent with information from other intelligence sources known by law enforcement to be reliable, established the requisite probable cause to search the defendant's home.

B.  Particularized Description

The defendant's second ground for suppression of the evidence seized from his residence, that the warrant failed to describe the items to be seized with sufficient particularity, also lacks merit. The Fourth Amendment provides in relevant part that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. The degree of specificity with which the items to be seized must be described will depend largely upon the circumstances and the type of items sought. See United States v. Torch, 609 F.2d 1088, 1090 (4th Cir. 1979.)

Here, the property sought by the search warrant included, as the defendant correctly states, a comprehensive list of items that are typically involved in drug dealing. Among other items, the

property identified for seizure included the controlled substance referred to in the affidavit (heroin), firearms and ammunition, and financial and business records kept on paper or by computer.  In the context of a drug-dealing offense, this Court finds that the description of the items identified for seizure in the search warrant was sufficiently particularized to satisfy the Constitutional standards of the Fourth Amendment.

In his objections to the magistrate judge's report and recommendation, the defendant contends that the magistrate judge erred by finding that probable cause supported the issuance of the warrant because the evidence actually seized from the defendant's residence is vastly less than what the officers sought to seize, and because the property seized provides no evidence of child pornography.  In the defendant's view, the discrepancy between what was sought and what was seized demonstrates that the information supporting the affidavit was unreliable, and that, therefore, the search warrant lacked probable cause.  This contention lacks merit.  The pertinent inquiry is not, as the defendant suggests, whether the items sought to be seized must in fact be seized to establish probable cause at the time the search warrant is executed.  Rather, the question is whether "the facts alleged in the warrant furnish probable cause to believe, at the time the search was actually conducted, that evidence of criminal activity was located at the premises searched." United States v. McCall, 740 F.2d 1331, 1336 (4th Cir. 1984).  In this case, the

affidavit described detailed information from cooperating witnesses who were known to have previously provided reliable information, and the search warrant specifically sought, among other items, computer records, heroin, and firearms and ammunition. The facts set forth in the affidavit provided probable cause to believe that evidence of the alleged possession of child pornography and alleged drug dealing was located at the defendant's residence at the time it was searched. Accordingly, this Court rejects the defendant's objections.

Because this Court finds on de novo review that the search warrant was issued on probable cause and that the items to be seized were described with sufficient particularity, the search was reasonable and, therefore, the evidence seized from the defendant's residence as a result of the search is not subject to suppression. See United States v. Brown, 401 F.3d 588, 592 (4th Cir. 2005) ("Evidence gathered as fruit of an unreasonable search or seizure is generally inadmissible against a defendant.") (citing Taylor v. Alabama, 457 U.S. 687, 694 (1982)).

For the foregoing reasons, this Court agrees with the magistrate judge's conclusion that the search warrant was based upon probable cause and that the evidence to be seized was described with particularity. Accordingly, the defendant's objections will be overruled, the magistrate judge's report and recommendation that this Court deny the defendant's motion to suppress will be affirmed

and adopted in its entirety, and the defendant's motion to suppress will be denied.

V. Conclusion

After a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the defendant's objections thereto lack merit. Accordingly, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety and DENIES the defendant's motion to suppress.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED: June 3, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE